United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIAS SERRANO MENJIVAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05856 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On February 24, 2026, Respondents notified the Court that they intended to remove Petitioner Elias Serrano Menjivar ("Petitioner") from the United States "after five days of the date of this advisory." Doc. #14. On May 19, 2026, the Court then ordered Respondents to update the Court as to the status of Petitioner's detention. Doc. #15. Respondents then informed the Court that Petitioner was removed from the United States to Guatemala on March 3, 2026. Doc. #16.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79 (2013)). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted) (quoting *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "[W]hen the controversy between parties 'has resolved to the point that they no longer qualify as adverse parties with sufficient legal interests to maintain the litigation, courts are without power to entertain the

case.'" *Id.* (internal quotation marks and original alteration omitted) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)).

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (alteration and emphasis in original) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004)), adopted, No. 3:24-CV-02640-B (BT), 2025 WL 1908169 (N.D. Tex. July 10, 2025). "A case or controversy may continue to exist where 'the petitioner is no longer detained but the claimed violation's adverse consequences continue.'" *Id.* (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014)). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* (quoting *Nieto*, 583 F. App'x at 332). However, a habeas petition is moot "if the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal proceedings or its collateral consequences.'" *Id.* (alterations in original) (quoting *Nieto*, 583 F. App'x at 331–32); *see also Kordia v. Noem*, No. 3:25-CV-01072-L-BT, 2026 WL 773087, at *1–2 (N.D. Tex. Mar. 19, 2026) (dismissing habeas petition as moot because petitioner was released); *Wilfredo R. v. Noem*, No. 3:25-CV-1702-D-BK, 2025 WL 3520307, at *1–3 (N.D. Tex. Nov. 4, 2025) (same), adopted, No. 3:25-CV-1702-D, 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025).

Here, Petitioner challenges his detention—not the validity of his removal order. Doc. #1 at 5-9 (alleging that Petitioner's detention without a bond hearing violates the INA). Thus, the

2

petition is now moot because the Court can no longer award Petitioner any relief related to his detention or the alleged statutory violation. *Etuk*, 2025 WL 1908738, at *3.

Accordingly, the Court ORDERS that Petitioner's petition for a writ of habeas corpus (Doc. #1) be DISMISSED AS MOOT without prejudice.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

MAY 2 2 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3